UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JASON LEE DOLIN, | |
| Plaintiff, | Case No. C21-5323-BHS-MLP |
| v. | REPORT AND RECOMMENDATION |
| DAVID EDWARDS, *et al.*, | |
| Defendants. | |

## I.    INTRODUCTION

This matter is before the Court on Plaintiff Jason Dolin's filing of a motion to proceed *in forma pauperis* ("IFP") and proposed civil rights complaint pursuant to 42 U.S.C. § 1983. (Dkt. ## 3, 3-1.) Plaintiff is proceeding *pro* se in this matter. For the reasons discussed below, the Court recommends that Plaintiff's complaint be dismissed prior to service pursuant to 28 U.S.C. § 1915A. The Court further recommends that Plaintiff's motion to proceed IFP be stricken as moot in light of the recommended dismissal.

## II.    BACKGROUND

Plaintiff's claims arise from his current pre-trial confinement at Grays Harbor County Jail pending an upcoming criminal trial in June 2021. (Dkt. # 3-1.) He asserts his trial has been

1    continued multiple times, in violation of his right to a speedy trial under Washington State's Rule

2    CrR 3.3. (*Id.* at 4-5.) He alleges he informed the court of this violation but was directed to speak

3    with his attorney, Harold Karlsvik. (*Id.* at 5.) Plaintiff alleges that when he spoke with his

4    attorney, Defendant Karlsvik informed him there was nothing he could do about it. (*Id.*) Plaintiff

5    seeks dismissal of his criminal case and monetary damages. (*Id.* at 9.)

6    **III.    DISCUSSION**

7    *1.    Legal Standard for Pleadings*

8          Rule 8(a) of the Federal Rules of Civil Procedure provides that in order for a pleading to

9    state a claim for relief it must contain a short and plain statement of the grounds for the court's

10    jurisdiction, a short and plain statement of the claim showing that the pleader is entitled to relief,

11    and a demand for the relief sought. The statement of the claim must be sufficient to "give the

12    defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley*

13    *v. Gibson*, 355 U.S. 41, 47 (1957). The factual allegations of a complaint must be "enough to

14    raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544,

15    555 (2007). In addition, a complaint must allege facts to state a claim for relief that is plausible

16    on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

17          In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must show (1) that

18    he suffered a violation of rights protected by the Constitution or created by federal statute, and

19    (2) that the violation was proximately caused by a person acting under color of state or federal

20    law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). To satisfy the second prong, a

21    plaintiff must allege facts showing how individually named defendants caused, or personally

22    participated in causing, the harm alleged in the complaint. *See Arnold v. IBM*, 637 F.2d 1350,

23    1355 (9th Cir. 1981). A defendant cannot be held liable solely on the basis of supervisory

1    responsibility or position. *Monell v. Department of Social Servs., of City of New York*, 436 U.S.

2    658, 691-94 (1978). Rather, a plaintiff must allege that a defendant's own conduct violated the

3    plaintiff's civil rights. *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385-90 (1989).

4         *2.    28 U.S.C. § 1915A*

5         Pursuant to 28 U.S.C. § 1915A:

6    **(a) Screening.**--The court shall review, before docketing, if feasible or, in any
     event, as soon as practicable after docketing, a complaint in a civil action in which
7    a prisoner seeks redress from a governmental entity or officer or employee of a
     governmental entity.
8

9    **(b) Grounds for dismissal.**--On review, the court shall identify cognizable claims
     or dismiss the complaint, or any portion of the complaint, if the complaint--
10        **(1)** is frivolous, malicious, or fails to state a claim upon which relief may be
          granted; or
11        **(2)** seeks monetary relief from a defendant who is immune from such relief.

12   Before the Court may dismiss the complaint as frivolous or for failure to state a claim, it "must

13   provide the [prisoner] with notice of the deficiencies of his or her complaint and an opportunity

14   to amend the complaint prior to dismissal." *McGucken v. Smith*, 974 F.2d 1050, 1055 (9th Cir.

15   1992); *see also Sparling v. Hoffman Constr., Co., Inc.*, 864 F.2d 635, 638 (9th Cir. 1988); *Noll v.*

16   *Carlson*, 809 F.2d 1446, 1449 (9th Cir. 1987). However, leave to amend need not be granted

17   "where the amendment would be futile … or where the amended complaint would be subject to

18   dismissal." *Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991).

19        *3.    Younger Doctrine*

20        Plaintiff's claims relate to his underlying state criminal proceedings. He appears to allege

21   that the judge, and possibly the prosecutor and defense attorney, have caused his trial to be

22   continued in violation of his right to a speedy trial which has resulted in prolonged confinement.

23

REPORT AND RECOMMENDATION - 3

1   Because Plaintiff is complaining about the manner in which the criminal prosecution is

2   proceeding against him, Plaintiff has not stated a cognizable ground for relief.

3          Generally, the federal courts will not intervene in a pending state court criminal

4   proceeding absent extraordinary circumstances where the danger of irreparable harm is both

5   great and immediate. *See Younger v. Harris*, 401 U.S. 37 (1971). The *Younger* abstention

6   doctrine requires that a district court abstain from deciding issues raised in a federal action if

7   state proceedings are (1) ongoing, (2) implicate important state interests, and (3) afford the

8   plaintiff an adequate opportunity to raise the federal issue. *Columbia Basin Apartment Ass'n v.*

9   *City of Pasco*, 268 F.3d 791, 799 (9th Cir. 2001) (citation omitted). *Younger* principles apply to

10  actions at law as well as for injunctive or declaratory relief because a determination that the

11  federal plaintiff's constitutional rights have been violated would have the same practical effect as

12  a declaration or injunction on pending state proceedings. *Gilbertson v. Albright*, 381 F.3d 965,

13  968 (9th Cir. 2004).

14         Applying the *Younger* criteria to this case shows that Plaintiff cannot proceed with his

15  action in federal court. The state court criminal case is ongoing and involves a criminal

16  prosecution that implicates important state interests. There is nothing to indicate that Plaintiff

17  would be prevented from raising his claims in his underlying criminal case, other than his

18  general allegation that he raised the issue of his speedy trial rights with the court and was

19  directed to speak with his attorney who was allegedly unable to provide help. Plaintiff fails to

20  present sufficient facts in his complaint to show a risk of great and immediate irreparable harm

21  and there is no showing of any extraordinary circumstances requiring or justifying the Court's

22  intervention. Therefore, it appears that this action would unduly interfere with the state criminal

23

REPORT AND RECOMMENDATION - 4

1   proceeding and the Court should abstain from deciding these claims pursuant to *Younger*.

2   Accordingly, the Court recommends Plaintiff's claims be dismissed.

3           4.      *Defendants Walker and Judge Edwards*

4          Although Plaintiff identifies prosecutor Jason Walker as a Defendant, he does not include

5   any facts about this individual in the body of his complaint. Thus, Plaintiff has failed to show he

6   personally participated in causing Plaintiff's alleged harm. However, assuming Defendant

7   Walker is the prosecutor in Plaintiff's underlying criminal case, this Defendant is not amenable

8   to suit under § 1983. "A state prosecuting attorney enjoys absolute immunity from liability under

9   § 1983 for his conduct in 'pursuing a criminal prosecution' insofar as he acts within his role as

10   an 'advocate for the State' and his actions are intimately associated with the judicial phase of the

11   criminal process." *Cousins v. Lockyer,* 568 F.3d 1063, 1068 (9th Cir. 2009) (quoting *Imbler v.*

12   *Pachtman,* 424 U.S. 409, 431 (1976)). This is so even if the prosecutor has violated a plaintiff's

13   constitutional rights, *Broam v. Bogan,* 320 F.3d 1023, 1028-29 (9th Cir. 2003), or the prosecutor

14   acts with malicious intent, *Genzler v. Longanbach,* 410 F.3d 630, 637 (9th Cir. 2005), *cert.*

15   *denied*, 546 U.S. 1031 (2005); *Ashelman v. Pope,* 793 F.2d 1072, 1078 (9th Cir. 1986). If

16   Defendant Walker is the prosecutor in Plaintiff's criminal case, Plaintiff's complaints would fall

17   squarely within the judicial phase of the criminal process, and therefore he is shielded from suit

18   by prosecutorial immunity. *See Mitchell v. Forsyth,* 472 U.S. 511, 520 (1985).

19          Similarly, Judges are absolutely immune from liability for damages in civil rights suits

20   for judicial acts performed within their subject matter jurisdiction. *Stump v. Sparkman,* 435 U.S.

21   349, 356 (1978); *Ashelman*, 793 F.2d at 1075 (*en banc*); *Schucker v. Rockwood,* 846 F.2d 1202,

22   1204 (9th Cir. 1988) (*per curiam*). Here, Plaintiff's claims against Defendant Judge Edwards

23   appear to involve his acts as the judge in Plaintiff's criminal case, and therefore he is also

1   shielded from suit. Accordingly, Plaintiff's claims against these Defendants should be denied

2   with prejudice and without leave to amend.

3           *5.      Defendant Karlsvik*

4           Neither private attorneys nor public defenders are considered state actors for purposes of

5   bringing suit under § 1983. *See Polk County v. Dodson*, 454 U.S. 312 (1981). However, a

6   defense attorney who conspires with state officials to deprive a client of his federal rights acts

7   under color of state law and may be liable under § 1983. *See Tower v. Glover*, 467 U.S. 914, 923

8   (1984). In order to establish liability for a conspiracy in an action brought under § 1983, a

9   plaintiff must "demonstrate the existence of an agreement or meeting of the minds" to violate

10  constitutional rights. *Crowe v. County of San Diego*, 608 F.3d 406, 440 (9th Cir. 2010) (quoting

11  *Mendocino Envtl. Ctr. v. Mendocino County*, 192 F.3d 1283, 1301 (9th Cir. 1999)). Conspiracy

12  is not itself a constitutional tort under § 1983, and a conspiracy claim does not enlarge the nature

13  of a plaintiff's claims. *Lacey v. Maricopa County* 693 F.3d 896, 935 (9th Cir. 2012). Rather,

14  there must always be proof of an underlying constitutional violation in order to support a

15  conspiracy claim. *Id.*

16          Plaintiff's claims against Defendant Karlsvik arise from his role as Plaintiff's defense

17  attorney, and he therefore cannot be held liable under § 1983. It is possible that Plaintiff could

18  amend his complaint to allege facts that he engaged in a conspiracy with state officials to deprive

19  another of federal rights. While the complaint presently lacks allegations regarding a conspiracy,

20  it is not absolutely clear that his claim cannot be cured by amendment. However, it appears that

21  the *Younger* abstention doctrine would still prevent the Court from interfering in Plaintiff's

22  ongoing state criminal proceedings. Thus, granting leave to amend his claims would be futile.

23  *Garmon v. Cty. of Los Angeles*, 828 F.3d 837, 842 (9th Cir. 2016) ("A district court abuses its

1    discretion by denying leave to amend unless amendment would be futile or the plaintiff has

2    failed to cure the complaint's deficiencies despite repeated opportunities.").

3                                    **IV.    CONCLUSION**

4                For the foregoing reasons, the Court recommends that Plaintiff's complaint be dismissed

5    prior to service pursuant to 28 U.S.C. § 1915A as Plaintiff's claims are deficient and not capable

6    of amendment. In addition, the Court recommends that all claims against Defendants Walker and

7    Judge Edwards be dismissed with prejudice. Further, the Court recommends all claims against

8    Defendant Karlsvik be dismissed without prejudice pursuant to *Younger v. Harris* in light of

9    Plaintiff's ongoing state criminal proceedings. The Court also recommends that Plaintiff's

10   motion to proceed IFP (dkt. # 3) be stricken as moot in light of the recommended dismissal. A

11   proposed Order accompanies this Report and Recommendation.

12               Objections to this Report and Recommendation, if any, should be filed with the Clerk and

13   served upon all parties to this suit within **twenty-one (21) days** of the date on which this Report

14   and Recommendation is signed. Failure to file objections within the specified time may affect

15   your right to appeal. Objections should be noted for consideration on the District Judge's

16   motions calendar for the third Friday after they are filed. Responses to objections may be filed

17   within **fourteen (14) days** after service of objections. If no timely objections are filed, the matter

18   will be ready for consideration by the District Judge on June 18, 2021.

19               Dated this 25th day of May, 2021.

20

21

22                                                MICHELLE L. PETERSON
                                                  United States Magistrate Judge
23

REPORT AND RECOMMENDATION - 7